UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0090-WTL-DKL-2 |
| | ) | |
| ANGEL S. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 18, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 18, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 18, 2014, defendant Angel S. Turner appeared in person with her appointed counsel, Mike Donahoe. The government appeared by Josh Minkler, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Turner of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Turner questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Turner and her counsel, who informed the court they had reviewed the Petition and that Ms. Turner understood the violations alleged. Ms. Turner waived further reading of the Petition.

3. The court advised Ms. Turner of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Turner was advised of the rights she would have at a preliminary hearing. Ms. Turner stated that she wished to waive her right to a preliminary hearing.

4. Ms. Turner stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Turner executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Turner of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Turner, by counsel, stipulated that she committed Violation Numbers 1, 2, 3, 4, 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**<br><br>The defendant was provided written instructions by the probation officer to remit a $75 relapse fee no later than April 1, 2014. She has failed to do so. |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**<br><br>On or about May 4, 2014, the defendant moved from her approved residence in Indianapolis and did not notify this officer that she has moved until May 30, 2014. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to a controlled substances, except as prescribed by a physician."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 5 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>As previously reported to the Court, on October 15, 2012, the defendant provided a urine specimen which tested positive for opiates. She admitted taking her mother's hydrocodone prescription for pain. On November 2, 2012, the defendant provided a urine specimen which tested positive for opiates and marijuana. She admitted taking her mother's hydrocodone medication. However, she denied using marijuana, despite the sample being confirmed positive for marijuana through an independent laboratory. On February 23, 2014, the defendant provided a urine specimen which tested positive for marijuana. The defendant admitted smoking marijuana.<br><br>On April 27, and May 30, 2014, the defendant provided urine specimens which tested positive for marijuana. She admitted smoking marijuana to produce both positive samples. |
| 6 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may** |

> **include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**
>
> The defendant failed to report for a scheduled drug screens on February 21 and 23, April 23 and 30, May 4, 13, 15, 18, and May 29, and June 15, 2014.

> 7   **"The defendant shall not commit another federal, state, or local crime."**
>
> As previously reported to the Court, on August 15, 2012, and January 9, 2013, the defendant was arrested by a Bartholomew County Sheriff's Deputy for the offense of Driving While Suspended. Ms. Turner has since obtained a valid driver's license. In both cases, the defendant entered into a pretrial diversion program and has status check schedule for April 3, 2015.

7. The Court placed Ms. Turner under oath and directly inquired of Ms. Turner whether she admitted violations 1, 2, 3, 4, 5, 6, and 7 of her supervised release set forth above. Ms. Turner admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a)   The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)   Ms. Turner's criminal history category is III.

   (c)   The range of imprisonment applicable upon revocation of Mr. Williams' supervised release, therefore, is 8-14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties disagreed on the appropriate disposition of the Petition. The United States requested that she be placed in a residential re-entry facility for six months. The defendant presented testimony and argument that such a condition would not be appropriate because it would be incompatible with her schooling and her need to assist her elderly mother.

Having heard all the testimony and argument, the court determined as follows: (a) the defendant's supervised release is to be modified; (b) the defendant will be placed on home detention with RF monitoring to be paid for by the defendant for a period of 120 days; (c) defendant is to be placed on home detention each weekend starting on Friday at 3:30 p.m. to Monday at 6:00 a.m. at her mother's residence in Columbus, Indiana, with all other terms of supervised release to remain the same.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANGEL S. TURNER, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **MODIFIED** as set forth above.

Counsel for the government and Ms. Turner stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Ms. Turner entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Ms. Turner's supervised release, she is to be placed on home detention with RF monitoring to be paid for by the defendant for a period of 120 days. Defendant is to be placed on home detention from each weekend starting on Friday at 3:30 p.m. to Monday at 6:00 a.m. at her mother's residence in Columbus, Indiana, with all other terms of supervised release to remain the same.

IT IS SO RECOMMENDED.

Date: 07/22/2014

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal