UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0090-WTL-DKL-2 |
| | ) | |
| ANGEL S. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 25, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 22, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 22, 2014, defendant Angel S. Turner appeared in person with her appointed counsel, Mike Donahoe. The government appeared by Josh Minkler, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Turner of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Turner questions to ensure that she had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Ms. Turner and her counsel, who informed the court they had reviewed the Petition and that Ms. Turner understood the violations alleged. Ms. Turner waived further reading of the Petition.

3. The court advised Ms. Turner of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Turner was advised of the rights she would have at a preliminary hearing. Ms. Turner stated that she wished to waive her right to a preliminary hearing.

4. Ms. Turner stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Turner executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Turner of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Turner, by counsel, stipulated that she committed Violation Numbers 1, 2, 3, 4, 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

The offender was provided written instructions by the probation officer to remit a $75 relapse fee no later than April 1, 2014. The offender was instructed to report to the probation office on August 8, 2014, with completed paperwork; however, she failed to report as instructed or contact this officer. On October 20, 2014, a letter was mailed to the offender instructing her to remit a $75 relapse fee no later than November 3, 2014. No payment has been remitted despite Ms. Turner being employed.

| | |
|---|---|
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

As previously reported to the Court, on or about May 4, 2014, Ms. Turner moved from her approved residence in Indianapolis and did not notify this officer that she had moved until May 30, 2014.

| | |
|---|---|
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician"** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 5 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

On July 15, 30, August 7, 12, and 25, 2014, Ms. Turner provided urine specimens which tested positive for marijuana. Subsequent drug screens collected on September 9, 16, and 30, 2014, yielded negative results. However, on October 8, and 23, and November 11,2 104, the offender again provided positive drug screens for marijuana.

As previously reported to the Court, on October 15, 2012, the offender provided a urine specimen which tested positive for opiates. She admitted taking her mother's hydrocodone prescription for pain. On November 2, 2012, the offender provided a urine specimen which tested positive for opiates and marijuana. She admitted taking her mother's hydrocodone medication; however, she denied using marijuana, despite the sample being confirmed positive for marijuana through an independent laboratory. On

3

|   | February 23, 22014, Ms. Turner provided a urine specimen which tested positive for marijuana. The offender admitted smoking marijuana. On April 27, and May 30, 2014, the offender provided urine specimens which tested positive for marijuana. She admitted smoking marijuana to produce both positive samples. |
|---|---|
| 6 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain fromt eh use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."** |
|   | The offender failed to report for scheduled drug screens on June 18, 29, July 3, 9, and 28, September 3, October 21, and 31, 2014. She has also failed to attend substance abuse treatment sessions during the months of June, July, September, and October 2014. |
|   | As previously reported to the Court, Ms. Turner failed to report for scheduled drug screens on February 21 and 23, April 23 and 30, May 4, 13, 15, 18, May 29, and June 15, 2014. |
| 7 | **"The defendant shall not commit another federal, state, or local crime.** |
|   | As previously reported to the Court, on August 15, 2012, and January 9, 2013, Ms. Turner was arrested by a Bartholomew County Sheriff's Deputy for the offense of Driving While Suspended. Ms. Turner has since obtained a valid driver's license. In both cases, the offender entered into a pretrial diversion program and has a status check scheduled for April 3, 2015. |

7. The court placed Ms. Turner under oath and directly inquired of Ms. Turner whether she admitted violations 1, 2, 3, 4, 5, 6, and 7 of her supervised release set forth above. Ms. Turner admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

(a) The highest grade of Violation (Violation 3 and 5) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b) Ms. Turner's criminal history category is 1II.

      (c)      The range of imprisonment applicable upon revocation of Mr. Reeves' supervised release, therefore, is 8-14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties disagreed on the appropriate disposition of the Petition to recommend to the court. Counsel for both parties presented argument, and Ms. Turner addressed the court as well. The United States requested that Ms. Turner's supervised release be revoked and that she be sentenced to Volunteers of America for eight months. Ms. Turner urged the court not to revoke her supervised release, but perhaps to direct home detention as a means of addressing the violations. Having considered the arguments and statement of Ms. Turner, the court found that its earlier efforts to avoid revocation (in acting on a petition heard in July 2014) did not provide the necessary structure to address Ms. Turner's continued violations related to substance abuse. The court therefore ordered as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Volunteers of America for eight (8) months, with no supervised release to follow; (c) the defendant is to self-surrender; (d) waiver of subsistence to be recommended to the Federal Bureau of Prisons; and (e) RF monitoring to be terminated.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANGEL S. TURNER, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED**, and she is sentenced to the custody of the Attorney General or his designee for a period of eight (8) months, to be served at the Volunteers of America, with no supervised release to follow. Waiver of subsistence to be recommended to the Federal Bureau of Prisions. RF monitoring to be terminated. The defendant is to self-surrender upon designation.

The parties stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

The parties entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Turner's supervised release, the defendant will be sentenced to the Volunteers of America for eight (8) months, with no supervised release to follow, the defendant is to self-surrender, waiver of subsistence to be recommended to the Federal Bureau of Prisons; and RF monitoring to be terminated.

IT IS SO RECOMMENDED.

Date: December 29, 2014

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal